TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL KEVIN RICHARDS,<br><br>　　　　　　　Defendant. | Case No. 2:21-cr-00014-DAO<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Richards seeks early termination of his probation because he has "strictly adhered to all the terms of [his] probation" and because he has not "committed any federal, state, or local crimes."[1] **His motion should be denied**.

18 U.S.C. § 3564(c) provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

---

[1] *Defendant's Motion for Early Termination of Parole* ("Defendant's Motion") at ECF Docket No. 18.

On April 5, 2021, the defendant was sentenced to 3 years' probation. He has completed roughly 1 year and seven months of probation (approximately half his sentence). Defendant's justification provided for early termination of his probation is that he has "strictly adhered to all the terms of [his] probation" and that he has not "committed any federal, state, or local crimes." However, early termination is not warranted as a matter of course and is not warranted simply because the defendant does what is expected, otherwise the exception would swallow the rule.[2] Here, the defendant has done what was expected of him. This is commendable, but insufficient to warrant early termination.

In weighing the § 3553(a) factors, the defendant's admission in his motion should—standing alone—give the Court significant pause. The defendant indicates that he is a director of a new company overseeing a pharmacy for a telehealth company. He also indicates that he oversees the national licensing and the building of a pharmacy fulfillment center.

As this Court is aware, during a time when this nation faced an unprecedented pandemic, defendant Richards obtained $800,000 from the State of Utah; and in exchange, he agreed to secure hydroxychloroquine for Utah patients infected with COVID-19. The defendant then smuggled 50 kilograms of chloroquine and over 500 kilograms of hydroxychloroquine from China. The defendant coordinated with an unknown Chinese supplier to mislabel these drugs as

---

[2] *United States v. Rutherford*, No. 10-40009-01-SAC, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017)(unpublished); *United States v. Lagone*, 2017 WL 606016, at *2 (E.D.N.Y. Feb. 15, 2017) (unpublished); *see also United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) (A sentencing court should be looking for new, unforeseen or changed circumstances, such as "exceptionally good behavior by the defendant," which evidence a need for tailoring in order to serve the listed § 3553(a) factors); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196-197 (D.D.C. 2013) (The defendant's behavior went beyond "full compliance with the terms of supervised release" and "merit[ed] special consideration."); *United States v. Moore*, 2016 WL 454814, at *2 (D. Kan. 2016)(unpublished) ("The defendant's conduct is not so exceptional as to warrant early termination, and the interest of justice would not be served by granting it."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)(Resuming a law-abiding life, maintaining employment, and receiving a supportive family life are all commendable activities "but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated...."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (If an unblemished record on supervised release was sufficient in itself for early termination, the "exception would swallow the rule.").

Boswellia Serrata Extract to avoid FDA inspection. The drugs were manufactured and distributed by someone in China, with no oversight by the FDA.

After illegally importing these drugs from the unknown source in China, the defendant's declared plan was to mix these drugs with other supplements (like zinc—also a violation of federal law[3]) and distribute them throughout Utah. These crimes culminated in a search warrant being executed at Meds In Motion Pharmacy, owned by Richards. During the execution of the warrant, Richards was interviewed and confessed to smuggling the drugs into the United States with the intent to distribute them.

Only through the diligent and speedy action by federal law enforcement was Richards prevented from executing his plan, and he was stopped before these illegally imported drugs were distributed. Had the defendant been able to proceed with his plan, he would have distributed vast amounts of unregulated, misbranded, and untested substance from an unknown and unmonitored Chinese manufacturer to thousands of Utahans. He very easily could have caused catastrophic harm and injury. Richards demonstrated deplorable judgment and total disregard for the welfare of others—and he did it for money.

//

//

//

//

---

[3] *See* 21 U.S.C. § 331 et seq. (Misbranding and Adulteration of Drugs).

Accordingly, the Court <u>should not only deny</u> the defendant's motion for early termination, but it should instruct the Probation Office to <u>increase its supervision efforts</u>, in consultation with FDA-OCI, in reviewing Richard's current pharmacy activities. This is the only way the Court can accomplish the 3553(a) factors, provide just punishment, deter further criminal conduct, protect the public, and promote respect for the law.

Respectfully Submitted,

UNITED STATES ATTORNEY
TRINA A HIGGINS

*Jacob J. Strain*
Assistant U.S. Attorneys
RUTH HACKFORD-PEER
JACOB J. STRAIN